BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE: B.J., an Individual v. G6 Hospitality, LLC            MDL NO. 3104

**RESPONSE OF CONCORD INN AND SUITES, LP d/b/a STUDIO 6 IN OPPOSITION TO THE MOTION TO TRANSFER AND JOINDER IN G6'S OPPOSITION**

## INTRODUCTION

This responding party, Defendant Concord Inn and Suites, LP, d/b/a Studio 6 ("hereinafter "Concord defendant" has become aware that confusing Motions to Transfer and Consolidate its one case (currently in the Northern District of California) with numerous other actions involving G6 either in Ohio or Texas. Concord defendant, one of two remaining parties, along with G6, in the action filed in the Northern District of California, B.J. v. G6 Hospitality, LLC et al. 3:22-cv-03765-MMC hereby opposes these Motions. Concord defendant apologies for this late response as it partially relied on the opposition of G6 and sought further clarification before filing this Response. Concord defendant respectfully requests that the Court consider this response.

The Opposition of G6 references a Motion To Transfer the actions against it to the Eastern District of Texas (Beaumont Division) and an initial motion to transfer to Columbus, Ohio. Concord defendant involved in the *B.J.* Northern California action is a local franchisee operating a Studio 6 in Concord, California. It has no presence in these out of state venues and would suffer grave prejudice being forced to litigate in these faraway venues. It has no documents or witnesses outside of California. All of the activities alleged in the Complaint occurred in Northern California. Concord defendant believes that plaintiff B.J. also has no contacts with these out of state venues either. That motions have been filed seeking to transfer the same cases to disparate jurisdictions demonstrates the lack of logic behind them.

Unlike some of the other defendants, Concord defendant does not have a national presence and has been named in only one of the trafficking cases. No rationale argument can be made that any of the parties, especially Concord defendant would benefit from consolidating the B.J. matter and transferring it from the Court in California where it is venued to Ohio or Texas where it has

no presence and conducts no business. The fact that "Plaintiffs" in these many cases allege violation of a common statute – The TVPRA – does not warrant consolidation.

Transferring venues will cause enormous inconvenience to Concord defendant and its counsels who are not licensed in Texas or Ohio. Discovery will require the depositions of numerous motel employees, all of whom live in California and have no connection with Texas or Ohio. Concord defendant respectfully requests that the Judicial Panel on Multidistrict Litigation (the "Panel") deny the MDL Motion(s).

## STANDARD

Pursuant to 28 U.S.C § 1407, the Panel may transfer multiple civil actions pending in different districts to a single district for consolidated pretrial proceedings provided that 1) those actions involve one or more common questions of fact; 2) transferring those actions will be for the convenience of parties and witnesses; and 3) transferring those actions will promote the just and efficient conduct of such actions. Before transfer will be ordered, the Panel must be satisfied that all the statutory criteria have been met. In re Highway Acc. Near Rockville, Connecticut, on Dec. 30, 1972, 388 F. Supp. 574, 575 (J.P.M.L. 1975). However, transfer is inappropriate where the requested transfer does not serve the convenience of the parties. Ibid.

## ARGUMENT

1. **PLAINTIFF FAILS TO MEET THE STATUTORY REQUIREMENTS FOR CONSOLIDATION**

    A. **Plaintiff's actions lack common questions of fact.**

    In order to transfer matters, there must be common questions of fact. 28 U.S.C. §1407(a). Furthermore, the transfer must serve the convenience of the parties and witnesses and promote the just and efficient conduct of such actions. 28 U.S.C. §1407(a). Notice must be given to the parties involved in cases contemplated to be transferred, but here Concord defendant was made aware of this transfer effort upon receipt of Oppositions filed by other defendants, objecting to the application.

It has been held that the panel should not transfer and/or consolidate actions involving separate defendants unless there is significant overlap in the central factual issues, parties, and claims. In re 100% Grated Parmesan Cheese Mktg. & Sales Pracs. Litig., 201 F. Supp. 3d 1375, 1378 (U.S Jud. Pn. Mult. Lit. 2016).

The only significant overlap is that all actions allege violation of the TVPRA. However, each case involves different people, different dates, different hotels, different defendants, and different conduct. There is not significant overlap with the witnesses in the Northern California action and these other actions. The findings against the defendants in the California B.J. case will have no bearing on the other cases.

### B. The Proposed Consolidation will not serve the convenience of most parties and witnesses.

Centralization must serve the convenience of most, if not all, parties. In re Galveston Texas Oil Well Platform Disaster, 322 F. Supp. 1405, 1407 (J.P.M.L. 171), the panel refused to transfer cases from Louisiana to Texas even though the transfer would serve the convenience of the four defendants, finding that the transfer was inconvenient to Plaintiffs in Louisiana lawsuits.

Concord defendant in the *B.J.* Case No. 3:22-cv-03765-MMC would be gravely inconvenienced and burdened by the transfer. The expense and burden of conducting litigation outside California cannot be overestimated. The discovery must take place in California to allow for depositions of the parties and witnesses. Trial outside of California makes no sense since there are no documents, witnesses or parties in these other venues and would disrupt efficient litigation, rather than promoting it.

## II. CONCORD INN & SUITES, LP JOINS IN THE OPPOSITION OF G6.

Concord Inn & Suites, LP joins in the G6 opposition.

## CONCLUSION

For reasons set forth above, defendant Concord Inn & Suites, LP respectfully requests that the panel deny the Motion to Consolidate and Transfer all actions to the Eastern District of Texas (Beaumont Division) or any other District outside of the Northern District of California.

Dated: March 1, 2024      **ROBINSON DI LANDO**

By:    /s/ Tobias Mark Kane
        Michael A. Di Lando, Esq.
        Tobias Mark Kane, Esq.
        Attorneys for Defendant Concord Inn and Suites, dba Studio 6 Concord